IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BERNICE CATO                                                                                    PLAINTIFF

vs.                                          Civil No. 2:16-cv-02076

NANCY A. BERRYHILL                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Bernice Cato ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on May 9, 2013. (Tr. 10). In these applications, Plaintiff alleges being disabled due to bladder mesh problems with multiple surgeries, mental anxiety, diabetes, gout, and plantar fasciitis. (Tr. 246). Plaintiff alleges an onset date of April 30, 2013. (Tr. 10). These applications were denied initially and again upon reconsideration. (Tr. 66-121).

Plaintiff requested an administrative hearing on her denied applications. (Tr. 138-141). This

request was granted, and Plaintiff's administrative hearing was held on June 30, 2014 in Fort Smith, Arkansas. (Tr. 27-65). At this hearing, Plaintiff was present and was represented by counsel, Susan Brockett. *Id.* Plaintiff and a Vocational Expert ("VE") Deborah Steele testified at this hearing. *Id.* During this hearing, Plaintiff testified she was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 30). As for her education, Plaintiff testified she graduated high school and attended some college. (Tr. 30).

On February 25, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 7-22). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2013, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff has the following severe impairments: diabetes mellitus, back disorder, bladder disorder, affective disorder, anxiety disorder, and personality disorder. (Tr. 12-13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb, balance, stoop, kneel, crouch and crawl. In addition, she can perform simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed. She requires supervision that is simple, direct, and concrete.

*Id.*

Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 20-21, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 27-65). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative sedentary occupations such as the following: (1) inspector/checker with 160 such jobs in Arkansas and 13,600 such jobs in the national economy; (2) check weigher with 164 such jobs in Arkansas and 13,646 such jobs in the national economy; and (3) and shoe buckler/lacer with 170 such jobs in Arkansas and 36,000 such jobs in the national economy. (Tr. 21). Because Plaintiff retained the capacity to perform other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 30, 2013 through the date of his decision or through February 25, 2015. (Tr. 22, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 5). On March 25, 2016, the Appeals Council denied her request for review. (Tr. 1-3). On April 5, 2016, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 13-14. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the following: (A) the ALJ erred in his credibility determination; and (B) the ALJ erred in assessing her RFC. ECF No. 13 at 9-16. The Court will consider each of both of these arguments.

   A.     **Credibility Determination**

Plaintiff claims the ALJ did not properly evaluate her credibility. ECF No. 13 at 9-13. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication;

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ properly considered Plaintiff's subjective complaints. Indeed, in addition to making other findings, the ALJ specifically noted Plaintiff was found to have "drug seeking behavior" by two different medical providers and tested positive for Tramadol despite having not been prescribed that medication. (Tr. 18). The ALJ also considered Plaintiff's daily activities and found while she reported suffering from very limited daily activities,

6

there was little support in the record for those allegations. (Tr. 18). Based upon this information, the Court finds the ALJ has supplied "good reasons" for discounting Plaintiff's subjective complaints. *See Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir. 1990) (recognizing a court will normally defer to an ALJ's evaluation of a claimant's subjective complaints if that determination is supported by "good reasons"). Thus, the Court finds no basis for reversal on this issue.

### B. RFC Evaluation

Plaintiff claims the ALJ did not properly evaluate her RFC. ECF No. 13 at 13-16. Specifically, Plaintiff claims she would be unable to perform sedentary work as the ALJ found and would also "have problems with concentration, persistence and pace due to pain." *Id.*

Upon review of the ALJ's opinion in Plaintiff's case, this Court finds no basis for reversal on this issue. Indeed, the ALJ fully considered Plaintiff's medical records and alleged limitations. (Tr. 14-20). Apart from referencing her alleged pain (which is addressed above), Plaintiff has supplied no valid basis for reversing the ALJ's RFC determination. ECF No. 13 at 13-16. Thus, the Court also finds no basis for reversing the ALJ's RFC determination.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of March 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE